# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                         Case No. 06-CR-205

ADEJOKE DAVIES-ISOM,
ANTONIO GOODWIN,
DONTE ADAMS,
NATHAN SHERROD, and
JEFFREY ANDERSON

    Defendants.

## RECOMMENDATION AND ORDER RE: DEFENDANTS' PRETRIAL MOTIONS

On August 22, 2006, a grand jury sitting in the Eastern District of Wisconsin returned a nine-count indictment against Adejoke Davies-Isom ("Davies-Isom"), Antonio Goodwin ("Goodwin"), Donte Adams ("Adams"), and Nathan Sherrod ("Sherrod"). Not all defendants are charged in each of the nine counts. Each of the defendants, however, is charged in Count One of the Indictment with conspiracy to possess with intent to distribute a controlled substance, to wit, heroin, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Counts Two, Seven, and Eight charge Davies-Isom and Goodwin with traveling or causing another to travel in interstate commerce with the intent to promote, carry on, and facilitate unlawful activity, to wit, the distribution of heroin, in violation fo Title 18 U.S.C. §§ 1952(a) and 2. Counts Three, Four, and Six charge Sherrod with distribution of a controlled substance, heroin, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(a)(1)(C). Count Five charges Goodwin with distribution of a controlled substance, heroin, in violation of Title

21 U.S.C. §§ 841(a)(1) and 841(a)(1)(C). Count Nine charges Davies-Isom, Goodwin, and Anderson with traveling or causing another to travel in interstate commerce with the intent to promote, carry on, and facilitate unlawful activity, to wit, the distribution of heroin, in violation of Title 18 U.S.C. §§ 1952(a) and 2.

All of the defendants were arraigned on the charges and entered pleas of not guilty. A trial in currently scheduled to be conducted on November 13, 2006 before the Honorable Lynn Adelman, with a final pretrial conference scheduled to be conducted before Judge Adelman on November 3, 2006.

On September 18, 2006, and October 3, 2006, respectively, defendants Sherrod and Davies-Isom filed pretrial motions. Specifically, Sherrod has filed motions to compel the government to disclose the identity of confidential informants, a motion to suppress, a motion to dismiss Count One of the Indictment, and a motion to order the government to provide a witness list thirty (30) days prior to trial. Davis-Isom has filed a motion to disclose Federal Rule of Evidence 404(b) evidence, a motion to sever her trial from that of Goodwin, and a motion to compel the government to disclose the identity of confidential informant(s). On September 29, 2006, and October 11, 2006, respectively, the government filed its responses to the defendants' pretrial motions. Neither defendant filed a reply brief in support of the motions. Consequently, the defendants' motions are ready for resolution.

## II. DISCUSSION

### A. Davies-Isom's Pretrial Motions

As previously stated, Davies-Isom filed a motion to compel the government to disclose any evidence which it intends to introduce at trial which constitutes other crimes, wrongs, or acts

2

evidence pursuant to F.R.E. 404(b).  In response, the government states that it does not intend to introduce any such evidence at trial at this time, and will immediately disclose such evidence if it intends to use "other acts" evidence at trial.  Accordingly, Davies-Isom's motion to disclose F.R.E. 404(b) evidence will be denied as moot.  However, while the government need not, of course, disclose evidence it does not yet intend to use, it should be aware of its continuing obligation to disclose other acts evidence in a timely fashion (including during trial, if that is when the need to introduce such evidence becomes apparent) in accordance with Rule 404(b).  Thus, if at trial, the defendant finds that the government is not fulfilling its continuing obligation to disclose other acts evidence in a timely fashion, the defendant may, of course, file a motion seeking an order compelling the government to do so.

Davies-Isom also filed a motion to sever her trial from that of her co-defendant, Goodwin. Davies-Isom asserts that she is prejudiced by the joinder of Goodwin because it appears that the government intends to use Goodwin's post-arrest statements at trial, and those statements implicate Davies-Isom in the crime charged.  (Def.'s Mot. at 1.)  Thus, the introduction of Goodwin's statements at Davies-Isom's trial would violate *Bruton v. United States*, 391 U.S. 123 (1968).  The government agrees that severance is appropriate, as both Goodwin and Davies-Isom made post-arrest statements that present insurmountable *Bruton* problems.  (Gov't Resp. at 1.)

Charges against multiple defendants may be brought in a single indictment if the defendants are alleged to have participated in the same series of acts or transactions which constitute the offense. Fed. R. Crim. P. 8(b).  Here, that requirement is met because the indictment alleges that each of the named defendants participated in a conspiracy to distribute heroin. However, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the

3

court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A defendant must show that failure to sever would result in a deprivation of his right to a fair trial; "it is insufficient that separate trials would have given a defendant a better opportunity for an acquittal." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). Stated another way, the movant has the burden of showing that failure to sever will result in actual prejudice.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that the admission of a non-testifying co-defendant's confession that implicated the defendant at their joint trial constituted prejudicial error, even though the trial court gave a clear, concise, and understandable instruction that the confession could only be used against the co-defendant and was to be disregarded with respect to the defendant. However, the Seventh Circuit has held that "the admission of a non-testifying co-defendant's redacted confession, one that does not facially incriminate the non-confessing co-defendant, when combined with proper limiting instructions, does not violate the Confrontation Clause." *United States v. Brooks*, 125 F.3d 484, 501 (7th Cir. 1997).

Here, Davies-Isom has shown that the failure to sever her trial from that of co-defendant Goodwin will result in actual prejudice. Indeed, the government agrees that Goodwin's statement presents an insurmountable *Bruton* problem. Consequently, and for all of the foregoing reasons, Davies-Isom's motion for severance will be granted.

4

Davies-Isom has further moved the court for an order compelling the government to disclose the identity of confidential informants. Davies-Isom asserts that there are several confidential informants who have been identified by number and who claim to have either directly or indirectly been involved in drug transactions with Davies-Isom. (Def.'s Mot. at 2.) Such being the case, the defendant asserts that these confidential informants are transactional witnesses.

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court held that where an informant is a transactional witness, that is, where he or she was an active participant in the events leading to an arrest, the government must disclose the informant's identity to the defendant. *Id.* at 64-65. However, it is well established that the government has a limited privilege to withhold from disclosure the identity of a confidential informant. *Id.* at 60. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. Thus, when determining whether to compel disclosure of an informant's identity, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The government's limited privilege of withholding the identity of an informant gives way once the defendant proves that the information sought would significantly aid in the preparation of his defense. *United States v. Andrus*, 775 F.2d 825, 841 (7th Cir. 1985).

Here, the confidential informants either directly or indirectly took part in the alleged drug transactions with Davies-Isom, and thus, they are undoubtedly transactional witnesses. Such being the case, revealing the identities of the aforementioned confidential informants "would significantly aid in the preparation of [Ms. Davies-Isom's] defense." *Andrus*, 775 F.2d at 841. In her motion, Davies-Isom seeks an order from the court requiring the government to provide the identities of the transactional confidential informants one week prior to trial. (Def.'s Mot. at 3.) The government

5

agrees with the defendant's request that it reveal the identity of the confidential informants one week prior to Davies-Isom's trial.

Defendant Sherrod, however, requests that the government immediately disclose the identity of the confidential informant(s).[1]  And, in my opinion, disclosing the identity of the confidential informant(s) a mere seven (7) days before trial would not allow defense counsel sufficient time to adequately prepare for trial.  Rather, I am persuaded that ordering the government to reveal the identity of the confidential informant(s) two weeks prior to trial strikes a better balance between the competing interests of defense counsel and the government.  Such being the case, and for all of the foregoing reasons, Davies-Isom's motion to compel disclosure of the identity of confidential informants will be granted.  It will be further ordered that the government disclose the identity of the confidential informants two weeks prior to Davies-Isom's trial, that is, on or before October 30, 2006.

## B.  Sherrod's Pretrial Motions

## 1. Motion to Disclose Identity of Confidential Informant/Alleged *Franks* Violation

Sherrod has moved the court for an order compelling the government to disclose the identity of the confidential informant referenced in Officer Sorensen's affidavit in support of the search warrant for Sherrod's residence.  In his affidavit, Officer Sorensen avers that:

> [W]ithin the last 72 hours, [he] was contacted by a reliable confidential informant (CI) who stated the CI had observed the sale of heroin from the residence at 1100 Villa Street, which is in the City of Racine, County of Racine, and State of Wisconsin and that this observation took place within the same 72 hour period.

---

[1]  *See infra* at 16.

6

(Sorensen Aff. ¶ 2.)  Sherrod seeks the identity of the aforementioned confidential informant, or, in the alternative, seeks an order compelling the government to provide the defense with the entire statement provided by the informant to Officer Sorensen.  (Def.'s Mot. at 6.)

In support of his argument, Sherrod submitted an affidavit in which he avers that he remained at his residence at 1100 Villa Street nearly continuously for the 72-hour period immediately preceding the search warrant application and no heroin was sold at his residence during that period of time.  (Sherrod Aff. ¶ 3.)   Thus, according to Sherrod, given the conflicting statements made by the CI and the defendant, obtaining the identity of the confidential informant is "plainly necessary to the defense."  (Def.'s Mot. at 5.)  This is because, according to Sherrod, there are only three possible scenarios: (1) Sherrod is lying, (2) the CI lied to Officer Sherrod about observing the sale of heroin at Sherrod's residence, or (3) Officer Sorensen lied in his affidavit about either the existence of a CI or about what the CI stated occurred at Sherrod's residence, and Sherrod must determine which scenario is true.  (Def.'s Mot. at 6.)

The gist of Sherrod's argument appears to be that either the CI lied in his statement to Officer Sorensen and/or Officer Sorensen lied in his affidavit in support of the search warrant.  Accordingly, Sherrod must obtain the identity of the CI in order to question him or her about what he/she told Officer Sorensen and/or what he/she observed at Sherrod's residence during the 72-hour period preceding the application for the search warrant.  However, given that the warrant affidavit is presumptively valid, in order to obtain the identity of the CI, Sherrod must first make an offer of proof tending to show that the affidavit contained a false statement necessary to establish probable cause, which was included either knowingly or with reckless disregard for truth.  *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).  Yet, as Sherrod admits, he cannot make such an offer of

7

proof without first learning "what the informant said to the affiant and what information the affiant relied on in requesting the search warrant." (Def.'s Mot. at 5.) Thus, it appears that Sherrod is back to the beginning, asking the court to compel the government to disclose the identity of the CI. The court will address each of Sherrod's arguments in turn.

The court will not order the government to disclose the identity of the confidential informant referenced in Officer Sorensen's affidavit. This is because the CI was clearly not a transactional witness, but rather, merely a "tipster." Nor will the court order the government to disclose the entirety of the CI's statement to Officer Sorensen. As previously stated, in *Roviaro*, the Supreme Court held that where an informant is a transactional witness, that is, where he or she was an active participant in the events leading to an arrest, the government must disclose the informant's identity to the defendant. 353 U.S. at 64-65. However, it is well established that the government has a limited privilege to withhold from disclosure the identity of a confidential informant. *Id.* at 60. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. *Id.* at 59.

Therefore, when determining whether to compel disclosure of an informant's identity, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. Oftentimes, the government seeks to maintain the anonymity of an informant out of a concern for his or her safety. This is especially true where the defendants have been charged with a drug-related offense. *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993). The Seventh Circuit has also held that where an informer is a "mere tipster," disclosure of his identity

8

will rarely be appropriate under the balancing test of *Roviaro*. *United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982). This is so, because, although tipsters supply law enforcement officers with important leads, they are rarely further involved in the investigation, apprehension or prosecution of the suspect.

To be sure, the informant here was more akin to a tipster than to a transactional witness. The informant did not take part in a drug transaction with Sherrod, but merely "observed" a drug transaction take place at Sherrod's residence. Nor is this a situation, like *Roviaro*, where the informant was the only witness to the criminal conduct. Indeed, Sherrod has not even been charged with the alleged criminal conduct the CI "observed" during the 72-hour period preceding the search warrant application. Such being the case, it cannot be said that disclosure of the CI's identity is crucial to the defense.

Nor does Sherrod's motion fare any better when analyzed as a *Franks* challenge. This is because Sherrod has failed to carry his burden of establishing that the alleged false statement in the affidavit was made deliberately or with reckless disregard for the truth. To be sure, in certain circumstances, a defendant can challenge a facially sufficient warrant based on the falsity of the affidavit in support of the warrant. However, in order to successfully do so, the defendant must establish that the affidavit contains "deliberate falsehood or . . . reckless disregard for the truth," attributable to the affiant, and that without the false material probable cause would not have existed. *Franks*, 438 U.S. at 171. Moreover, before a court must conduct an evidentiary hearing on the matter, the defendant must make allegations, accompanied by an offer of proof, that are "more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* Furthermore, to prove reckless disregard for the truth, the defendant must prove that the affiant "'in fact entertained

9

serious doubts as to the truth of his allegations,'" or at least that there existed "circumstances evincing 'obvious reasons to doubt the veracity' of the allegations." *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)).

Here, the defendant argues that the affidavit contains a "false statement" which may have been made either "deliberately" or with "reckless disregard for the truth." Specifically, the defendant's argument is that the CI's statement that he/she observed a sale of heroin at Sherrod's residence is false, and thus, Officer Sorensen may have either "deliberately" or "with reckless disregard for the truth" included that false statement in his affidavit. However, even assuming that the aforementioned statement was false, Sherrod has presented *no* evidence that Officer Sorensen knew or should have known of its falsity. And, as previously stated, before a court must conduct an evidentiary hearing on an alleged *Franks* violation, the defendant must make allegations, accompanied by an offer of proof, that are "more than [simply] *conclusory*" allegations. *Franks*, 438 U.S. at 171 (emphasis added). And here, the only allegations the defendant has made are conclusory.

Such being the case, the defendant has offered no evidence that would tend to show that the alleged false statement made by Officer Sorensen was made either deliberately or with reckless disregard for the truth. *Franks*, 438 U.S. at 171. Consequently, and for all of the foregoing reasons, the defendant's motion to compel the government to disclose the identity of the confidential informant referenced in Officer Sorensen's affidavit will be denied.

## 2. Motion to Suppress

On August 15, 2006, a Racine County Circuit Court Judge signed a search warrant authorizing law enforcement officials to search the residence located at 1100 Villa Street, Racine, Wisconsin. The warrant was issued based on an affidavit sworn to by City of Racine Police Officer

Mark Sorensen. Among other things, the affidavit contained information from a confidential informant ("CI") that within the last 72 hours, the CI observed the sale of heroin from the residence at 1100 Villa Street, that the individual selling heroin was a man named "Sherrod," and information relating to Sherrod's previous felony convictions. The warrant identified the pertinent crime as possession of heroin contrary to Wis. Stat. § 961.41 and authorized a search for heroin, drug-related paraphernalia, and items tending to establish Sherrod's residency at 1100 Villa Street. Law enforcement officials subsequently executed the search warrant and recovered, among other things, baggie remnants, foil pieces, and rubber gloves, that is, alleged drug packaging paraphernalia.

Sherrod argues that the evidence recovered as a result of executing the warrant should be suppressed because probable cause did not exist for the issuance of the search warrant. Specifically, Sherrod argues that the affidavit did not establish probable cause because it did not contain information establishing the CI's basis of knowledge, that is, where the informant was located when he/she made the observations or whether the alleged transaction involved an unwitting third-party. The government argues that given the totality of the circumstances, the affidavit established probable cause.

My duty in reviewing this search warrant is limited. The duty of a reviewing court is simply to ensure that the judge issuing the search warrant had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable cause is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* at 238. Probable cause exists when it is reasonably believed that the evidence sought will aid in the prosecution of a particular offense and the evidence is located in the place to be searched. *See United States v. McNeese*, 901 F.2d 585, 592 (7th Cir. 1990) *overruling on other grounds recognized by*,

11

*United States v. Westmoreland*, 240 F.618 (7th Cir. 2001). "Probable cause denotes more than mere suspicion, but does not require certainty." *United States v. Fleischli*, 305 F.3d 643, 651 (7th Cir. 2002) (internal quotations omitted). "'In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.'" *United States v. Kimberlin*, 805 F.2d 210, 228 (7th Cir. 1986) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

Probable cause is a fluid concept turning on the assessment of probabilities in a particular factual context. "Rather than viewing bits and pieces of a probable cause showing in isolation, the court must focus on all the facts presented to the magistrate." *United States v. Markling*, 7 F.3d 1309, 1317 (7th Cir. 1993). A search warrant may issue "even in the absence of [d]irect evidence linking criminal objects to a particular site." *United States v. Sleet*, 54 F.3d 303, 306 (7th Cir. 1995) (internal quotations omitted). "The [judicial officer] to whom the warrant application is directed is entitled to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense, and the [judicial officer] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *Id.* (internal quotations omitted).

In assessing the sufficiency of an affidavit in which confidential informant information is relied upon in seeking a warrant, a court is to consider the personal observations of the confidential informant, the degree of detail given in the affidavit, independent police corroboration of the information, the interval of time between the events and application for a warrant, and whether the informant testified at the probable cause hearing. *United States v. Peck*, 317 F.3d 754, 756 (7th Cir.

12

2003). "None of these factors is determinative; however, 'a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability.'" *Id.*

Furthermore, a judicial preference is to be accorded warrants in those cases where there is a close or marginal showing of probable cause. In reviewing prior probable cause findings made by a judicial officer in issuing a warrant, "great deference is to be accorded to that determination." *United States v. Leon*, 468 U.S. 897, 914 (1984); *United States v. Pless*, 982 F.2d 1118, 1124 (7th Cir. 2002) (stating that "doubtful cases are to be resolved in favor of upholding the warrant"). The Seventh Circuit Court of Appeals has held that the standard of review of a determination that probable cause exists supporting issuance of a search warrant is "one of affirmance absent clear error by the issuing magistrate." *Pless*, 982 F.2d at 1124. Indeed, "[a judge's] determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *United States v. Newsom*, 402 F.3 780, 782 (7th Cir. 2005) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)).

Turning to the facts of this case, I am persuaded that the affidavit presented in support of the issuance of the search warrant for 1100 Villa Street sets forth probable cause to believe that contraband or other evidence of a crime would be found at that residence. Indeed, the affidavit presented in support of the search warrant averred the following: (1) Sorensen has been a law enforcement officer for twenty (20) years; (2) Sorensen is familiar with the methods that are commonly used by drug dealers to package and prepare controlled substances for sale; (3) within the 72 hours preceding the search warrant application, Sorensen was contacted by a reliable CI who

13

stated that the CI had observed the sale of heroin from the residence at 1100 Villa Street and that this observation took place within the same 72 hour period; (4) the CI recognized the material to be heroin based upon his personal experiences; (4) the CI stated that the person selling the heroin was a black male named "Sherrod" and that on January 1, 2005, a Nathaniel S. Sherrod was issued a citation for loud music at 1100 Villa St; (5) Sorensen believed the information supplied by the CI because the CI had supplied information to the Racine Special Investigations Unit that resulted in at least 12 felony and 13 misdemeanor arrests in the preceding six months; and (6) Sherrod was previously convicted of possession with intent to deliver cocaine and felon in possession of a firearm.

To be sure, the affiant could conceivably have set forth in more detail the precise observations made by the CI upon which the CI based his/her conclusion that the he/she personally observed a drug transaction at 1100 Villa Street. However, that one could conclude with hindsight that a search warrant application could have been more detailed does not render it insufficient. In the end, all that matters is that this court be satisfied that the judicial officer issuing the warrant had a substantial basis for concluding that, under the totality of the circumstances, probable cause existed to believe the contraband or evidence of the crime sought would be found in a particular place. *Gates*, 462 U.S. at 236. And this court is satisfied that such is the case.

First of all, although the CI did not state the exact vantage point from which he/she observed the sale of heroin from the residence at 1100 Villa Street, it is clear that the CI *observed* the sale. Thus, the CI's information was based upon first-hand knowledge. Moreover, it was certainly reasonable for the issuing judge to credit the CI's information. The CI had a substantial track record of providing accurate information. Additionally, the CI's observation of a drug transaction at 1100 Villa Street occurred reasonably contemporaneously with the application for the search warrant.

14

And, the CI's information was at least partially corroborated by Sorensen's independent investigation. That is, Sorensen determined that Sherrod, at least as of January of 2005, resided at 1100 Villa Street, and that Sherrod had previously been convicted of both drug and gun crimes. Such being the case, I am persuaded that the Racine County Circuit Court Judge had a substantial basis for concluding that, under the totality of the circumstances, there was a fair probability that law enforcement officers would find heroin or drug-related paraphernalia at 1100 Villa Street. Consequently, and for all of the foregoing reasons, it will be recommended that Sherrod's motion to suppress be denied.

### 3. Motion to Compel Disclosure of Confidential Informants

Sherrod has further moved the court for an order compelling the government to disclose the identity of confidential informant(s). Sherrod asserts that there are several confidential informants who have been identified by number and who claim to have been involved in the drug transactions giving rise to Counts Three, Four, and Six of the indictment. Such being the case, the defendant asserts that these confidential informants are transactional witness(es). In response, the government asserts that the same confidential informant was used for all three of the alleged controlled purchases of heroin from Sherrod. The government further asserts that it will reveal the identity of this confidential informant seven (7) days prior to Sherrod's trial.

As previously noted, in *Roviaro*, the Supreme Court held that where an informant is a transactional witness, that is, where he or she was an active participant in the events leading to an arrest, the government must disclose the informant's identity to the defendant. 353 U.S. at 64-65. However, it is well established that the government has a limited privilege to withhold from disclosure the identity of a confidential informant. *Id.* at 60. The purpose of the privilege is the

15

furtherance and protection of the public interest in effective law enforcement. Thus, when determining whether to compel disclosure of an informant's identity, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

Here, the confidential informant allegedly participated in the alleged drug transactions giving rise to Counts Three, Four and Six. Thus, the informant is undoubtedly a transactional witness and will testify at Sherrod's trial. Such being the case, and as the government concedes, it must disclose the identity of the confidential informant. The question that remains is when the government must reveal the confidential informant's identity. In his motion, Sherrod seeks an order from the court requiring the government to reveal the identity of the confidential informant immediately. The government, however, proposes that it reveal the identity of the confidential informant seven (7) days prior to Sherrod's trial. As previously stated, in my opinion, disclosing the identity of the confidential informant(s) a mere seven (7) days before trial would not allow defense counsel sufficient time to adequately prepare for trial. Rather, I am persuaded that ordering the government to reveal the identity of the confidential informant(s) two weeks prior to trial strikes a better balance between the competing interests of defense counsel and the government. Accordingly, and for all of the foregoing reasons, Sherrod's motion to compel disclosure of the identity of confidential informants will be granted in part and denied in part. It will be further ordered that the government disclose the identity of the confidential informant two weeks prior to Sherrod's trial, that is, on or before October 30, 2006.

16

**4. Motion to Dismiss Count One**

Sherrod has also filed a motion to dismiss Count One of the Indictment. To reiterate, Count One charges all of the defendants with conspiracy to possess with intent to distribute a controlled substance, to wit, heroin, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Specifically, Sherrod argues that because the facts reveal that a mere buyer-seller relationship existed between Sherrod and Davies-Isom and such a relationship is insufficient to establish a conspiracy, Count One must be dismissed. (Def.'s Mot. at 9.) Indeed, Sherrod's motion, in relevant part, states as follows:

> The discovery materials turned over by the government to date establish, at least for the purposes of this motion, that on three separate occasions Sherrod sold a small amount of heroin to a person who was working as a government snitch. If true, this establishes that Sherrod is a heroin dealer. The discovery materials also establish that the co-defendant, Jackie Isom-Davies, was a large-scale heroin supplier. Government agents never observed Isom-Davies actually sell heroin to Sherrod. But let us assume for the purposes of this motion that Isom-Davies was the supplier of the heroin that Sherrod sold on those occasions. There is no evidence that Isom-Davies (or any of the other alleged co-conspirators) had any financial stake in Sherrod's deals beyond the original sale (i.e. no evidence that Isom-Davies "fronted" the drugs to Sherrod who, in turn, distributed them on Isom-Davies' behalf). There is no evidence that Sherrod and Isom-Davies, or any of the others, cooperated to prevent others from selling heroin in the Racine area (i.e. that they formed a cartel) nor that they formed a communication network to avoid police detection. As far as can be told from the reports, Sherrod was on his own even if he did get his supply of heroin from Isom-Davies. Thus, unless there is more, there is no need for a trial on the facts. There is no evidence that Sherrod and Isom-Davies, or any of the other alleged co-conspirators, worked together in any way to facilitate the distribution of heroin.

(Def.'s Mot. at 11.) In response, the government asserts that because Count One alleges the two elements of a conspiracy under 21 U.S.C. § 846, any factual defense Sherrod wishes to present must be offered to the jury, not to the court. (Gov't's Resp. at 12.) The government further asserts that

17

there are clear factual disputes that the jury will have to resolve relative to Count One and therefore, the defendant's motion to dismiss Count One must be denied.

"Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." *United States v. Fassnacht*, 332 F. 3d 440, 446 (7th Cir. 2003). To be sure, Count One sufficiently alleges all of the elements of a conspiracy pursuant to 21 U.S.C. § 846. Furthermore, while a court may decide questions of law raised in pretrial motions, any arguments premised on disputed facts must be resolved by the fact-finder at trial. *United States v. Shriver*, 989 F.2d 898, 906-07 (7th Cir. 1992). And, simply stated, whether the relationship between Davies-Isom and Sherrod was that of buyer-seller or whether Sherrod is guilty of engaging in a conspiracy to possess with the intent to distribute heroin are questions for the jury to decide.

Moreover, even if the question of whether the relationship was that of buyer-seller or a conspiracy were not the ultimate question to be decided by the jury, this court would be hard-pressed to decide what the relationship was at this point in the proceedings. This is because the court certainly does not have before it all of the discovery materials provided to defense counsel or all of the evidence which will be admitted at trial. Indeed, given that the trial in this action is not scheduled until November 13, 2006, the government may not even have in its possession all of the evidence it intends to introduce at trial to prove beyond a reasonable doubt that Sherrod is guilty of engaging in a conspiracy to distribute heroin. To reiterate, it is for the jury to decide whether the government has proven beyond a reasonable doubt that Sherrod engaged in a conspiracy to distribute heroin or whether the relationship between Davies-Isom and Sherrod was simply a buyer-seller relationship.

18

Accordingly, it will be recommended that Sherrod's motion to dismiss Count One of the Indictment be denied.

**5. Motion for Pretrial Production of Witness List**

Lastly, Sherrod requests that the court order the government to provide its witness list to the defendant thirty (30) days prior to trial. (Def.'s Mot. at 11.) In support of his request, Sherrod notes that the government is required to provide the defendant with a witness list at least three days prior to trial in capital cases pursuant to 18 U.S.C. § 3432, and although Sherrod is not facing the death penalty, if convicted, he faces a minimum of twenty years in prison and a maximum sentence of life imprisonment. Thus, according to Sherrod, because the penalty is nearly as serious as that involved in a capital case, the government should be required to disclose its witness list prior to trial. (Def.'s Mot. at 12.) In response, the government asserts that it is following its open file policy in this case and thus, Sherrod and his counsel have been provided with copies of reports of interviews of all of the witnesses whom the government intends to call at trial.

Criminal Local Rule 16.1(b) provides in pertinent part that

> "open file policy" means disclosure without defense motion of all information and materials listed in Fed. R. Crim. P 16(a)(1)(A), (B), and (D); upon defense request, material listed in Fed. R. Crim. P. 16(a)(1)(C); material disclosable under 18 U.S.C. § 3500 other than grand jury transcripts; reports of interviews with witnesses the government intends to call in its case-in-chief relating to the subject matter of the testimony of the witness; relevant substantive investigative reports; and all exculpatory material.

In short, pursuant to the open file policy, Sherrod has received, or will receive, all of the information that he is entitled to by law and local rule. And, the government will be ordered to reveal the identity of the confidential informant two weeks prior to trial to allow defense counsel adequate time to prepare to cross-examine the confidential informant. In sum, given the facts of this

19

case, ordering the government to produce its witness list prior to trial is unnecessary. Accordingly, Sherrod's request for pretrial production of the government's witness list will be denied.

There is one final matter to address. On October 19, 2006, defendant Adams filed a motion for an extension of time to file pretrial motions, a motion for disclosure of informant, and a notice of alibi defense. As with defendants Davies-Isom and Sherrod, the government will be ordered to disclose the identities of the informants whom the government intends to have testify at trial against defendant Adams two weeks prior to trial, that is, on or before October 30, 2006. In light of such ruling, no further briefing on Adams's motion will be needed.

### III. RECOMMENDATIONS AND ORDERS

**NOW THEREFORE IT IS RECOMMENDED** that defendant Sherrod's motion to suppress be **DENIED**;

**IT IS FURTHER RECOMMENDED** that defendant Sherrod's motion to dismiss Count One of the Indictment be **DENIED**;

**NOW THEREFORE IT IS ORDERED** that defendant Davies-Isom's motion to disclose F.R.C.P. 404(b) evidence be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that defendant Davies-Isom's motion for severance be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Davies-Isom's trial shall be separate from defendant Goodwin's trial;

**IT IS FURTHER ORDERED** that defendant Davies-Isom's motion to compel disclosure of the identity of confidential informant(s) be and hereby is **GRANTED**;

20

**IT IS FURTHER ORDERED** that defendant Sherrod's motion to disclose the identity of the confidential informant referenced in Officer Sorensen's affidavit be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that defendant Sherrod's motion to compel disclosure of confidential informant(s) be and hereby is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that defendant Sherrod's motion for pretrial production of a witness list be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that defendant Adams's motion to compel disclosure of the identity of confidential informant(s) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Adams's motion for an extension of time to file pretrial motions be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the government disclose the identity of the transactional confidential informants in this case two weeks prior to trial, that is on or before October 30, 2006;

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 20th day of October, 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

21